## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:18-cv-862 |
| v. | ) ) JURY TRIAL DEMANDED |
| ACCESS NATIONAL CORPORATION, JOHN C. LEE IV, MICHAEL G. ANZILOTTI, J. RANDOLPH BABBITT, CHILDS F. BURDEN, MICHAEL W. CLARKE, JOHN W. EDGEMOND, MARTIN S. FRIEDMAN, THOMAS M. KODY, GARY D. LECLAIR, MARY LEIGH MCDANIEL, JANET A. NEUHARTH, ROBERT C. SHOEMAKER, and UNION BANKSHARES CORPORATION, | ) ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on October 5, 2018 (the "Proposed Transaction"), pursuant to which Access National Corporation ("Access" or the "Company") will be acquired by Union Bankshares Corporation ("Union").

2.     On October 4, 2018, Access' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Union.  Pursuant to the terms of the Merger Agreement, shareholders of

Access will receive 0.75 shares of Union common stock for each share of Access stock they own.

3.    On December 10, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.    The Registration Statement, which scheduled a stockholder vote on the Proposed Transaction for January 15, 2019, omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District. Divisional venue is proper under Local Civil Rule 3(C) because defendant Union Bankshares Corporation maintains its principal office in Richmond, Virginia and because a substantial portion of the events giving rise to this action occurred within this Division.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Access common stock.

9.     Defendant Access is a Virginia corporation and maintains its principal executive offices at 1800 Robert Fulton Drive, Suite 300, Reston, Virginia 20191.  Access' common stock is traded on the NasdaqGM under the ticker symbol "ANCX."

10.     Defendant John C. Lee IV is Chairman of the Board of the Company.

11.     Defendant Michael G. Anzilotti is a director of the Company.

12.     Defendant J. Randolph Babbitt is a director of the Company.

13.     Defendant Childs F. Burden is a director of the Company.

14.     Defendant Michael W. Clarke is a director of the Company.

15.     Defendant John W. Edgemond is a director of the Company.

16.     Defendant Martin S. Friedman is a director of the Company.

17.     Defendant Thomas M. Kody is a director of the Company.

18.     Defendant Gary D. LeClair is a director of the Company.

19.     Defendant Mary Leigh McDaniel is a director of the Company.

20.     Defendant Janet A. Neuharth is a director of the Company.

21.     Defendant Robert C. Shoemaker is a director of the Company.

22.     The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

23.     Defendant Union is a Virginia corporation and a party to the Merger Agreement, which maintains its principal office at 1051 East Cary Street, Suite 1200, Richmond, Virginia 23219.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Access (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable.  As of October 3, 2018, there were approximately 65,983,372 shares of Access common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

31.     Access is the parent company of Access National Bank and Middleburg Investment Group serving Northern and Central Virginia.

32.     Access National Bank is a commercial bank serving middle market businesses and associated professionals throughout the Washington D.C. region.

33.     Access National Bank's core services include commercial credit, deposit, investment, cash management, private banking, and real estate finance.

34.     Access National Bank also has subsidiaries that provide wealth management, retirement planning, and securities brokerage.

35.     On October 4, 2018, Access' Board caused the Company to enter into the Merger Agreement with Union.

36.     Pursuant to the terms of the Merger Agreement, shareholders of Access will receive 0.75 shares of Union common stock for each share of Access stock they own.

37.     According to the press release announcing the Proposed Transaction:

Union Bankshares Corporation ("Union") (Nasdaq: UBSH) and Access National Corporation ("Access") (Nasdaq: ANCX) jointly announced today that they have entered into a definitive merger agreement for Union to acquire Access in an all-stock transaction. Combining the two organizations will create the leading Virginia-based regional bank with an unmatched presence across the Commonwealth.

Based on financial data as of June 30, 2018, the combined company would have total assets of $16.0 billion, total deposits of $11.9 billion and gross loans of $11.4 billion. This transaction strengthens Union's presence in Virginia's most populous market, Northern Virginia. . . .

Clarke will join Union's board of directors and will assist in the integration.

Under the terms of the merger agreement, each outstanding share of Access common stock will be converted into the right to receive 0.75 shares of Union common stock, valuing the transaction at approximately $610 million, or $29.19 per share based on Union's closing stock price of $38.92 on October 4, 2018.

The merger agreement has been approved by the board of directors of each company. The companies expect to complete the transaction in the first quarter of 2019, subject to the satisfaction of customary closing conditions, including regulatory and shareholder approvals.

### The Registration Statement Omits Material Information

38.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for January 15, 2019.

39.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

40.     The Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Sandler O'Neill + Partners, L.P. ("Sandler").

41.     With respect to Sandler's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler in the analyses.

42.     With respect to Sandler's Precedent Transactions Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Sandler in the analyses.

43.     With respect to Sandler's Net Present Value Analysis for Access, the Registration Statement fails to disclose: (i) the terminal values for Access; (ii) Sandler's basis for applying price to 2022 earnings per share multiples ranging from 13.0x to 20.5x and multiples of December 31, 2022 tangible book value per share ranging from 180% to 230%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%.

44.     With respect to Sandler's Net Present Value Analysis for Union, the Registration Statement fails to disclose: (i) the terminal values for Union; (ii) Sandler's basis for applying price to 2022 earnings multiples ranging from 14.0x to 19.0x and multiples of December 31, 2022 tangible book value ranging from 200% to 250%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 12.0%.

45.     With respect to Sandler's Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the assumptions related to purchase accounting adjustments, cost savings, and transaction expenses; and (ii) the extent to which the Proposed Transaction could be accretive to Union's earnings per share and dilutive to Union's estimated tangible book value per share.

46.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47.     The Solicitation Statement also omits material information regarding potential conflicts of interest of Sandler.

48.     The Solicitation Statement fails to disclose the amount of compensation Sandler received for the past services it provided to Union, including acting "as (i) financial advisor to Union in connection with the sale of Shore Premier Finance to Centennial Bank, which transaction closed in June 2018, (ii) book manager in connection with the secondary offer and sale of Union common stock held by certain selling shareholders, which transaction closed in January 2018, and (iii) book manager in connection with Union's offer and sale of subordinated debt, which transaction closed in November 2016."

49.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

50.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Mergers; (ii) Access's Reasons for the Mergers and Recommendations of the Access Board of Directors; (iii) Opinion of Access's Financial Advisor; and (iv) Certain Prospective Financial Information.

51.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

<u>COUNT I</u>

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Access**

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material

8

facts necessary to make the statements therein not materially false or misleading.  Access is liable as the issuer of these statements.

54.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

55.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

56.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

57.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

58.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Union**

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants and Union acted as controlling persons of Access within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Access and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62.     Each of the Individual Defendants and Union was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

64.     Union also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

65.     By virtue of the foregoing, the Individual Defendants and Union violated Section 20(a) of the 1934 Act.

66.    As set forth above, the Individual Defendants and Union had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 14, 2018

**PAUL PARSHALL**
**Individually and On Behalf of All Others Similarly Situated**


By:   */s/ David G. Browne*

David G. Browne (VSB No. 65306)
SPIRO & BROWNE, PLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Telephone: (804) 573-9220
Facsimile: (804) 836-1855
Email: dbrowne@sblawva.com

- and –


**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800